Richard B. MELBYE, aka Brent
Melbye, Plaintiff–Appellee,

v.

ACCELERATED PAYMENT TECH-
NOLOGIES, INC., a Delaware cor-
poration, Defendant–Appellant.

No. 12–57220.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2015.

Filed March 6, 2015.

Kendra J. Hall, Procopio, Cory, Har-
greaves & Savitch LLP, San Diego, CA,
Michael D. Curran, Curran & Curran Law,
Encinitas, CA, Louis A. Storrow, Esquire,
Storrow Law, APC, Carlsbad, CA, for
Plaintiff–Appellee.

Forrest A. Hainline, III, Esquire, Good-
win Procter LLP, San Francisco, CA, Jen-
nifer A. Awrey, Arthur F. Silbergeld, Ful-
bright & Jaworski LLP, Los Angeles, CA,
for Defendant–Appellant.

Before: PREGERSON, W.
FLETCHER, and NGUYEN, Circuit
Judges.

MEMORANDUM *

Accelerated Payment Technologies
("APT") appeals the district court's denial
of its renewed motion for judgment as a
matter of law. Reviewing the district

court's denial of APT's motion de novo and
the jury's verdict for substantial evidence,
*see EEOC v. Go Daddy Software, Inc.*, 581
F.3d 951, 961 (9th Cir.2009), we affirm.

The jury's finding that APT breached an
oral or implied-in-fact contract between
Richard Melbye and Geoffrey Knapp for
post-termination residual commissions is
supported by substantial evidence. APT
argues that the employee handbook was
incorporated into the at-will employment
agreement, and that the handbook pre-
cludes post-termination commissions. We
are unpersuaded. The handbook was not
incorporated into the employment agree-
ment. But even if it were, the handbook
and the employment agreement did not
constitute a fully integrated contract be-
cause the handbook states that "[i]t does
not contain the complete terms or condi-
tions of any of the company's current ben-
efit plans and policies." The jury could
interpret the effect of the handbook and
weigh extrinsic evidence of the parties'
intent. *See City of Hope Nat'l Med. Ctr.
v. Genentech, Inc.*, 43 Cal.4th 375, 395, 75
Cal.Rptr.3d 333, 181 P.3d 142 (2008)
("[W]hen, as here, ascertaining the intent
of the parties at the time the contract was
executed depends on the credibility of ex-
trinsic evidence, that credibility determina-
tion and the interpretation of the contract
are questions of fact that may properly be
resolved by the jury."). And the record
contains ample evidence—including testi-
mony of both Melbye and Knapp—that the
handbook did not preclude the post-termi-
nation residual commissions to which they
had agreed.

Nor did the Change of Control Agree-
ment supersede the post-termination com-
missions contract. The Change of Control

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

by 9th Cir. R. 36–3.

Agreement states that it does not "prevent or limit" Melbye's "continuing or future participation in any benefit, bonus, incentive or other plan or program provided by the Corporation." And, again, the record contains ample evidence that Melbye and Knapp did not intend any conflict between the Change of Control Agreement and their post-termination commissions contract.

AFFIRMED.

---

* The Honorable James C. Mahan, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.